IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM LANE<br>10131 Whippoorwill Rd.<br>Newton Falls, Ohio 44444<br><br>      Plaintiff<br><br>  v.<br><br>DEPUTY STEVEN DOLMAN<br>c/o Portage County Sheriff's Department<br>8240 Infirmary Road<br>Ravenna, Ohio 44266<br><br>    and<br><br>DEPUTY RUSS<br>c/o Portage County Sheriff's Department<br>8240 Infirmary Road<br>Ravenna, Ohio 44266<br><br>    and<br><br>DEPUTY DALE MURRAY<br>c/o Portage County Sheriff's Department<br>8240 Infirmary Road<br>Ravenna, Ohio 44266<br><br>    and<br><br>PORTAGE COUNTY, OHIO<br>c/o Portage County Sheriff's Department<br>8240 Infirmary Road<br>Ravenna, Ohio 44266<br><br>      Defendants | CASE NO.:<br><br><br>JUDGE<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

NOW COMES the Plaintiff, William Lane, by and through undersigned Counsel and for his Complaint against Defendants states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual residing at 10131 Whippoorwill Road, Newton Falls, Portage County, Ohio.

2. Defendant Steven Dolman is an individual who is, and at all times material to this action has been, a duly authorized Portage County Sheriff's Deputy. At all times relevant to this action Deputy Dolman was acting under color of State law.

3. Defendant Russ, first name unknown, is an individual who is, and at all times material to this action has been, a duly authorized Portage County Sheriff's Deputy. At all times relevant to this action Deputy Russ was acting under color of State law.

4. Defendant Dale Murray is an individual who is, and at all times material to this action has been, a duly authorized Portage County Sheriff's Deputy. At all times relevant to this action Deputy Murray was acting under color of State law.

5. Defendant Portage County, Ohio is, pursuant to applicable Ohio statutes, a duly constituted and duly operating governmental entity having a place of business at 8240 Infirmary Road, Ravenna, Ohio 44266. As part of its official functions Portage County is entirely responsible for the operation and activities of the Portage County Sheriff's Department.

6. The jurisdiction of this Court over the subject matter of this action is conferred pursuant to 42 U.S.C. 1983, 28 U.S.C. §1331, 28 U.S.C. §1343.

7 Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that Defendants are located and/or transact business in this District and the cause of action asserted herein arose in this District.

## FACTUAL BACKGROUND

8. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1 through 7 as if fully rewritten herein.

9. On or about April 24, 2023 Defendant Dale Murray conducted a traffic stop of William Lane for stopping past the stop bar of an intersection.

10. During the interaction pursuant to the stop William Lane informed Deputy Dale Murray that he was a CBD farmer.

11. Deputy Dale Murray told William Lane that he detected the odor of marijuana in the vehicle and was going to conduct a search of the vehicle.

12. William Lane again stated that he legally grows CBD and asked Deputy Dale Murray how he could possibly differentiate between the smell of marijuana and CBD.

13. Deputies Russ and Dolman subsequently arrived on the scene.

14. William Lane again stated that he was a CBD farmer and that his belongings are likely to smell like CBD.

15. William Lane told all three of the Portage County Sheriff's Deputies that they did not have his consent to search the vehicle.

16. William Lane again asked how the Deputies could possibly differentiate between the smell of legally grown CBD and raw marijuana, which would have no difference in scent.

17. The Deputies did not answer William Lane's questions as to the difference between the smell and detained William Lane and conducted a search of his vehicle.

18. During the search of William Lane's vehicle, the Deputies found no marijuana or traces thereof.

19. William Lane was unlawfully detained by Portage County Sheriff's Deputies Murray, Russ, and Dolman.

20. The Deputies violated William Lane's 4th Amendment protections against unreasonable search and seizure, made applicable to the States through the 14th Amendment, when they conducted the search of his vehicle.

21. No contraband was discovered during the search of William Lane's vehicle and no criminal charges were brought against William Lane as result of the traffic stop and vehicle search on or about April 24, 2023.

## CLAIM FOR RELIEF

### COUNT ONE

### VIOLATION OF LANE'S CONSTITUTIONAL RIGHTS

22. Plaintiff incorporates by reference all the allegations set forth in paragraphs 1 through 21 as if fully rewritten herein.

23. Defendant Deputies Murray, Russ, and Dolman searched Plaintiff's vehicle based on Deputy Murray stating that he smelled raw marijuana in the vehicle.

24. Plaintiff, William Lane, is a licensed CBD farmer and legally grows CBD.

25. The smell of CBD is indistinguishable from the smell of marijuana, even to drug sniffing dogs.

26. Since the smell of marijuana is indistinguishable from the smell of legal CBD, the supposed odor detected by the officer did not provide probable cause to believe that contraband was present.

27. The Deputy Sheriffs searching William Lane's vehicle without probable cause violated William Lane's rights to freedom from unreasonable search and seizure, and to due process of

law as secured to him by the Fourth and Fourteenth Amendments to the United States Constitution.

28. As a direct and proximate result of Defendants' violation of William Lane's constitutional right to be free from unreasonable searches and seizures, William Lane sustained economic losses and physical and psychological pain and suffering. Plaintiff is entitled to recover all available economic and compensatory damages provided by Federal law.

29. In subjecting William Lane to an unlawful and unreasonable search and seizure and depriving him of due process of law, the Defendants acted willfully, wantonly, maliciously, and in reckless disregard for William Lane's rights.

## COUNT TWO

## MUNICIPAL LIABILITY

30. Plaintiff incorporates by reference all the allegations set forth in paragraphs 1 through 29 as if fully rewritten herein.

31. Portage County created a culture and custom in the Portage County Sheriff's Department of deliberate indifference towards the rights of individuals, like William Lane, to be free from unreasonable searches and seizures, and deprivations of due process of law.

32. Portage County, through the Sheriff's Department failed to adequately train Deputies Murray, Dolman, and Russ as to what does and does not constitute probable cause to search a vehicle.

33. Portage County, through the Sheriff's Department regularly engaged in practices that created, constituted, and fostered an unjustifiably indifferent approach to the changing laws and legalization of hemp and CBD and to the indistinguishable smell of legal CBD compared to marijuana.

**PRAYER FOR RELIEF**

Wherefore, William Lane respectfully requests that this honorable Court enter judgment in his favor against Defendants as follows:

1. Find that Deputies Murray, Russ, and Dolman violated William Lane's Constitutional Rights when they subjected him to a warrantless search of his vehicle based solely on the alleged odor of marijuana which is indistinguishable from the odor of legal CBD;

2. Grant William Lane judgment against Deputy Murray, Deputy Russ, and Deputy Dolman jointly and severally, for economic damages in an amount to be determined at trial, but in no event less than Two Hundred Fifty Thousand Dollars ($250,000);

3. Grant William Lane judgment against Deputy Murray, Deputy Russ, and Deputy Dolman jointly and severally, for compensatory damages in an amount to be determined at trial, but in no event less than Two Hundred Fifty Thousand Dollars ($250,000);

4. Grant William Lane judgment against Deputy Murray, Deputy Russ, and Deputy Dolman jointly and severally, for punitive damages in an amount to be determined at trial, but in no event less than Two Hundred Fifty Thousand Dollars ($250,000);

5. Grant William Lane judgment against Portage County for economic damages in an amount to be determined at trial, but in no event less than Two Hundred Fifty Thousand Dollars ($250,000);

6. Grant William Lane judgment against Portage County for compensatory damages in an amount to be determined at trial, but in no event less than Two Hundred Fifty Thousand Dollars ($250,000);

7. Grant William Lane judgment against Defendants for attorney fees and costs involved in bringing this action;

8. Grant William Lane judgment against Defendants for interest on all sums of money found to be due from them; and

9. Grant William Lane any further relief that this honorable Court deems to be just.

        Respectfully submitted,

        s/David L. Engler  
        David L. Engler (0030264)  
        1451 E. Market St.  
        Warren, Ohio 44483  
        Telephone: (330) 729-9777  
        Fax: (484) 970 1580  
        Em: davidengler@davidengler.com  
        *Attorney for Plaintiff*

## INSTRUCTIONS FOR SERVICE

TO THE CLERK:

Please serve each of the Defendants by certified mail, return receipt requested, with copies of the Plaintiff's Complaint at the addresses listed in the caption.

        s/David L. Engler  
        David L. Engler (0030264)