IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| William Lane | Case No.: 5:23-CV-02138 |
| Plaintiff | |
| | Judge David A. Ruiz |
| v. | |
| Deputy Steven Dolman, et al., | **Plaintiff's Opposition to Defendants' Motion to Dismiss** |
| Defendant | |

Now comes Plaintiff, William Lane, by and through undersigned counsel and hereby requests that this honorable Court DENY Defendants' Motion to Dismiss.

### A. Legal Standard

In their Motion to Dismiss Defendants allege that Plaintiff has failed to state a claim upon which relief may be granted. Defendants properly identify the standard for review a 12(b)(6) motion and state that the Court must accept the allegations stated in the complaint as true, and view the complaint in the light most favorable to the plaintiff. *Almendares v. Palmer*, 284 F.Supp2d 799, 802 (ND Oh. 2003). In reading the complaint, Plaintiff has certainly alleged claims against each named defendant upon which relief can be granted.

### B. Portage County is sui juris

Defendants contend that Portage County is not sui juris and therefore cannot be sued. However, Ohio Revised Code 2744.09(E) indicates that Counties are liable for all alleged Constitutional violations. In their motion, Defendants rely on *Estate of Fleenor v. Ottawa County* in making the argument that Portage County is not sui juris. However, in that case the Court held that the County was suable since, like in the instant matter, the claim fell under an exception to political subdivision immunity. *Id.* at 73. The Court concluded that Ottawa County was a

properly named party to the case. *Id.* Likewise, Portage County is a properly named defendant in the instant matter and the Complaint should NOT be dismissed as to Portage County.

### C. The Complaint DOES allege Fourth Amendment Violations

In Defendants' motion they identify that a warrantless search of a motor vehicle is lawful only if probable cause exists. Probable cause has been defined as "a reasonable ground for belief of guilt.'" *Carroll v. United States* (1925), 267 U.S. 132, 161, 45 S.Ct. 280, 288, 69 L.Ed. 543, 555. Probable cause must be based upon objective facts that would justify the issuance of a warrant by a magistrate. *State v. Welch* (1985), 18 Ohio St.3d 88, 92, 18 OBR 124, 127, 480 N.E.2d 384, 387. The United States Supreme Court has long acknowledged that odors may be persuasive evidence to justify the issuance of a search warrant. *Johnson v. United States* (1948), 333 U.S. 10, 13, 68 S.Ct. 367, 369, 92 L.Ed. 436, 440. So long as the person is qualified to know and identify the odor and it is a distinctive odor that undoubtedly identifies a forbidden substance, this constitutes a sufficient basis to justify the issuance of a search warrant. *Johnson,* 333 U.S. at 13, 68 S.Ct. at 369, 92 L.Ed. at 440.

The holding in *Johnson* notably states that a "distinctive odor that undoubtedly identifies a forbidden substance" is enough to constitute probable cause. With the legalization of CBD and Hemp, that odor is far from "undoubtedly identifying a forbidden substance". Defendants' motion to dismiss relies on *Littleton (2001)* which was all decided prior to the legalization of CBD and Hemp. Defendants state that other district courts have rejected the argument that the legalization of hemp or CBD eliminates the probable cause arising from the odor of marijuana, but quite frankly those decisions are in error as that odor is no longer "undoubtedly identifying of a forbidden substance".

The search of the vehicles base on the odor of legal CBD is a clear violation of Plaintiff's Fourth Amendment Right to be free from unreasonable searches and seizures.

### D. Plaintiff has stated a claim for a due process violation.

Defendants are correct that the Constitutional Rights violated by Defendants are those of the Fourth Amendment. The Fourth Amendment of the U.S. Constitution is applied to the State and State Actors pursuant to the Due Process Clause of the 14th Amendment. Through the incorporation doctrine the first ten amendments of the United States Constitution are made applicable to the states through the Due Process clause of the Fourteenth Amendment. Incorporation applies both substantively and procedurally. The Supreme Court has found that the Due Process clause of the Fourteenth amendment included applying parts of the Bill of Rights to States. The Fourth Amendment is applicable to the States by reason of the Due Process Clause of the Fourteenth Amendment. *Wolf v. Colorado*, 338 U. S. 25 (1949).

### E. Plaintiff has alleged facts to support a *Monell* Claim

Plaintiff alleges that Portage County has failed to properly train its employees and maintains an unjustifiably indifferent approach to the changing laws surrounding hemp, CBD, and marijuana. Defendants correctly states that to prevail on a *Monell* claim it need be shown that there was a Constitutional violation and that an official policy, practice, or custom directly caused that violation. Defendants rely on their assertion that there is not a Constitutional violation in moving for the dismissal of this claim. As detailed above there is a clear (especially in the light most favorable to Plaintiff) violation of his Constitutional Rights.

Defendants go on to argue that it is not possible to train a human being to distinguish between the smell of marijuana and CBD so the failure to do so does not rise to the level of "deliberate indifference" on the part of Portage County. However, there is no allegation in

Plaintiff's complaint that Defendant needed to train Deputies how to smell the difference, that is a misstatement of the claim made by Plaintiff. Plaintiff is alleging that the failure of Portage County is in not training its employees that the smell of CBD does not constitute probable cause as it is not undoubtably identifying of an illegal substance.

### F. Defendants are NOT entitled to Qualified Immunity

Again, Defendants argue that Plaintiff's Constitutional Rights were not violated. The crux of the Plaintiff's Complaint is that his Constitutional Rights were violated by the conduct of the named Portage County Sheriff's Deputies. The argument raised by Defendants is that Plaintiff's rights were not violated. That is a question to be determined by this honorable Court and not one to be decided on a motion to dismiss. In viewing the Complaint in the light most favorable to the Plaintiff there was clearly a violation of his Constitutional Rights.

### CONCLUSION

For the reasons detailed above Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be DENIED.

Respectfully submitted,

/s/ David L. Engler
David L. Engler (0030264)
Engler Law
1451 E. Market Street
Warren, Ohio 44483
(330) 729 – 9777
Fax: (484) 970-1580

CERTIFICATION

    A true copy of the foregoing was filed electronically and should be sent by operation of the Court's e-filing system to all parties.

/s/ David L. Engler (0030264)