UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WILLIAM LANE, | ) CASE NO. 5:23-CV-02138 |
| | ) |
| Plaintiff, | ) JUDGE DAVID A. RUIZ |
| | ) |
| v. | ) |
| | ) |
| DEPUTY STEVEN DOLMAN, et al., | ) MEMORANDUM OPINION AND |
| | ) |
| Defendants. | ) ORDER |

## I.  Background

Plaintiff William Lane has filed a Complaint alleging (1) Violation of Constitutional Rights under the Fourth Amendment and (2) Municipal Liability under 42 U.S.C. § 1983. R. 1. Defendants Portage County, Ohio, Deputy Steven Dolman, Deputy Andrew Russ, and Deputy Dale Murray (Defendants) have filed a Motion to Dismiss. R. 3. Plaintiff opposes the Motion (R. 4), and Defendants have filed a reply in further support of their Motion. R. 5.

## II.  Standard of Review

When ruling upon a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a court accepts as true all the factual allegations contained in the complaint and construes the complaint in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *accord Streater v. Cox*, 336 F. App'x 470, 474 (6th Cir. 2009). Nonetheless, a court need not accept a conclusion of law as true. In addition,

1

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [Bell Atl. Corp. v.] *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009).

### III.     Factual Allegations

Plaintiff's Complaint seeks to allege a constitutional tort action against Portage County, Ohio ("County Defendant") and several sheriff department employees: Deputy Dolman, Deputy Russ, and Deputy Murray ("Deputy Defendants"). R. 1, PageID#: 4–5 ¶22–33. On April 24, 2023, Defendant Murray conducted a traffic stop of Plaintiff for a traffic violation. *Id.* at PageID#: 3 ¶9. During the stop, Deputy Murray smelled the odor of marijuana from the vehicle and told Plaintiff that he was going to search the car. *Id.* at PageID#: 3 ¶11. Defendants Russ and Dolman arrived at the traffic stop to assist Deputy Murray. *Id.* at PageID#: 3 ¶13. Plaintiff informed the Deputy Defendants that he was a Cannabidiol ("CBD") farmer, and that CBD smells identical to raw marijuana. *Id.* at PageID#: 3 ¶14, 16. Plaintiff refused to consent to a vehicle search because he alleged that the Deputy Defendants were unable to distinguish the

odor of marijuana from his legal CBD, and thus had no reason to conduct a search. *Id.* at PageID#: 3 ¶14–15. Deputy Defendants conducted a search of the vehicle despite Plaintiff's protests and found no marijuana. *Id.* at PageID#: 3 ¶18, 21. Deputy Defendants released Plaintiff after the search and did not bring any criminal charges against him. *Id.* at PageID#: 4 ¶21.

## IV. Discussion

### A. Qualified Immunity

Whether Defendants have qualified immunity for the conduct at issue in this case is a threshold issue. If qualified immunity applies, it is not just a defense against liability, but against the suit itself. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The doctrine of qualified immunity shields officers from civil liability so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* In other words, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *City of Tahlequah, Oklahoma v. Bond*, 595 U.S. 9, 12 (2021); *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Plaintiff bears the burden of showing that Defendants are not entitled to qualified immunity. *Cartwright v. City of Marine City*, 336 F.3d 487, 490–91 (6th Cir. 2003). To meet this burden, Plaintiff must show a violation of Plaintiff's clearly established constitutional rights by putting forward "specific, nonconclusory factual allegations" that would defeat the immunity. *Siegert v. Gilley*, 500 U.S. 266, 236 (1991) (Kennedy, J., concurring).

The Fourth Amendment establishes the right to be free from unreasonable searches and seizures. U.S. CONST. amend. IV; *Graham v. Connor*, 490 U.S. 386, 386 (1989). To show that Defendants are not entitled to qualified immunity, Plaintiff must show the following: 1)

Plaintiff's Fourth Amendment rights were violated; and 2) that the right was clearly established at the time of the violation, meaning that the search was clearly unreasonable. *Pearson*, 555 U.S. at 232 (affirming the two relevant factors established in *Saucier v. Katz*, 533 U.S. 194 (2001), but concluding the *Saucier* two-step sequential analysis is not mandatory).

In assessing Defendants' Motion to Dismiss, the Court views the facts in the light most favorable to Plaintiff to assess whether he has pleaded that Defendants violated his right to be free from an unreasonable search. As discussed below, Plaintiff fails to plead sufficient facts to establish that Defendants' search of Plaintiff's vehicle was unreasonable. Therefore, since there was no unreasonable search in this case, there was no violation of Plaintiff's constitutional rights, and Defendants are entitled to qualified immunity on both counts.

### B. Count I

Plaintiff alleges that the Deputy Defendants violated his Fourth Amendment by searching his vehicle without probable cause. R. 1, PageID#: 4–5 ¶27–29. While Plaintiff concedes that warrantless searches of motor vehicles are lawful if probable cause exists, he asserts that because the scent of legal CBD and illegal marijuana are indistinguishable, there was no probable cause because the Deputy Defendants could not be certain the odor was marijuana. *Id.* at PageID#: 4 ¶26. Defendants argue that Plaintiff's Fourth Amendment rights were not violated because the search of Plaintiff's vehicle was reasonable. R. 5, PageID#: 46–47. Defendants assert that the smell of marijuana in the vehicle constitutes probable cause because the odor provided reasonable certainty that criminal activity had occurred. [1] R. 3, PageID#: 32–33.

---

[1] At the time of the incident, April 24, 2023, recreational use of marijuana was illegal in Ohio. *United States v. McCallister*, 39 F.4th 368, 371 (6th Cir. 2022); *United States v. Colbert*, No. 1:22-CR-171, 2022 WL 17821346, at *3 (N.D. Ohio Dec. 19, 2022).

4

The Supreme Court has stated that "Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." *Bailey v. United States*, 568 U.S. 186, 192 (2013). While searches typically require a warrant to be reasonable, motor vehicles are an exception when probable cause is present. *Maryland v. Dyson*, 527 U.S. 465, 466–67 (1999); *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) ("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more"); *California v. Carney*, 471 U.S. 386, 391 (1985). At the time of the incident, it was well established in the Sixth Circuit that the smell of marijuana emanating from a vehicle constituted probable cause to conduct a warrantless search of a vehicle. *See e.g.*, *United States v. McCaster*, 466 F. App'x 443, 446 (6th Cir. 2011); *United States v. Foster*, 376 F.3d 577, 588 (6th Cir. 2004); *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir. 1993).

Plaintiff fails to establish that the Deputy Defendants' search was unreasonable and deprived him of a constitutional right. It is undisputed that the initial stop of the vehicle was justified because of Plaintiff's traffic violation. R. 1, PageID#: 3 ¶9; R. 3, PageID#: 29. Thereafter, Deputy Defendants were exempt from obtaining a warrant to search Plaintiff's vehicle because it smelled of marijuana, which constituted probable cause to conduct a reasonable search pursuant to their law enforcement duties. *McCaster*, 376 F.3d at 588; *Maryland*, 527 U.S. at 466.

Plaintiff's argument against probable cause is unpersuasive. He asserts that the odor was insufficient to give probable cause because it was "indistinguishable from the smell of

---

!

5

marijuana, even to drug sniffing dogs." R. 1, PageID#: 4. The Sixth Circuit has rejected this argument by finding that probable cause is present even when the substance could be legal but is indistinguishable from an illegal substance. *United States v. McCallister*, 39 F.4th 368, 375 (6th Cir. 2022) ("Nor is it compelling that the marijuana odor could have been a legal substance, like hemp, instead of illegal marijuana."). Further, there only needs to be a reasonable basis, *not* absolute certainty, for suspecting criminal activity. *Harris*, 513 F.3d at 511. Because the odor could have reasonably led an officer to believe that marijuana was in the vehicle, even if that belief was mistaken, the Deputy Defendants had probable cause and the search was not unreasonable. *McCallister*, 39 F.4th 368 (6th Cir. 2002).

The credibility of state officials is relevant when evidence of probable cause is not supported by the outcome of the search. *Bullman v. City of Detroit, Michigan*, 787 App'x 290, 298 (6th Cir. 2012). Despite finding no marijuana in Plaintiff's vehicle, Deputy Defendants' credibility is not at issue because Plaintiff's Complaint corroborates that the vehicle smelled like marijuana.[2] Plaintiff has failed to sufficiently plead that Deputy Defendants' search was unreasonable, and therefore, dismissal of Count I is proper.

C.  **Count II: Municipal Liability**

Plaintiff argues that County Defendant is liable under 42 U.S.C. § 1983 for implementing a policy or practice that led to constitutional violations. R. 1, PageID#: 2 ¶ 7, PageID#: 5 ¶32. Plaintiff alleges that County Defendant's practice was a failure to train its deputies on the changing laws around CBD, which led to the alleged unreasonable search. R. 1, PageID#: 5

---

[2] Plaintiff asserts in his Complaint that "he was a CBD farmer and that his belongings are likely to smell like CBD." R. 1, PageID#: 3 ¶14. Plaintiff also told Deputy Defendants that the smell of CBD is indistinguishable to raw marijuana. R. 1, PageID#: 3 ¶16.

¶32. Defendants argue that Plaintiff has failed to plead a constitutional violation or highlight an official policy or custom of County Defendant that led to the alleged constitutional violation. R. 3, PageID#: 34–36. Defendants further assert that Plaintiff has failed to plead a plausible failure to train theory as he has not alleged an inadequate training program on behalf of County Defendant. R. 3, PageID#: 35.

A local government may be sued under 42 U.S.C. § 1983 when the execution of the government's official policy or custom inflicts the alleged constitutional violation. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). To support a municipality liability theory, a plaintiff may reference: (1) the municipality's legislative enactments or agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). For a failure to train claim, a plaintiff must establish that the municipality's training program was inadequate for the officials' tasks, the inadequacy was due to the municipality's deliberate indifference, and the inadequacy caused the alleged injury. *Jackson v. City of Cleveland*, 925 F.3d 793, 834 (6th Cir. 2019). Liability against the municipality fails, however, if the individual defendant-officials are found not to have violated the plaintiff's constitutional rights. *Bukowski v. City of Akron*, 326 F.3d 702, 712–13 (6th Cir. 2003) (finding that the city could only be held liable if there was a showing of liability on the officials' behalf); *Scott*, 205 F.3d at 879 ("[O]ur conclusion that no officer-defendant had deprived the plaintiff of any constitutional right…defeats the claim against the [c]ounty as well.").

Plaintiff's Count II fails to meet the pleading standard for two reasons. First, Plaintiff fails to allege an underlying constitutional violation. Second, Plaintiff cannot identify a deliberate

7

and ongoing failure to train. Because the Deputy Defendants did not violate Plaintiff's constitutional rights, the County Defendant cannot be liability under section 1983. *Bukowski*, 326 F.3d at 712-13. Therefore, Plaintiff has failed to plead a plausible claim under Count II against the County Defendant and it must be dismissed.

## V. Conclusion

Defendants' Motion to Dismiss is granted. R. 3. Therefore, the case is dismissed with prejudice for the foregoing reasons.

IT IS SO ORDERED.


Date: April 3, 2025

/s/ *David A. Ruiz*
David A. Ruiz
United States District Judge